IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| JOHN HENRY ALLEN, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 124-134 |
| ) | |
| MAJOR MITCHELL, ) | |
| ) | |
| Respondent. ) | |

_____

**O R D E R**

_____

Petitioner, an inmate at Charles B. Webster Detention Center, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted a declaration he has insufficient funds to pay the $5.00 filing fee. Therefore, the Court **GRANTS** Petitioner leave to proceed *in forma pauperis*. (Doc. no. 6.) Accordingly, process shall issue.

However, the record is unclear as to who the proper Respondent should be in this habeas corpus case. The instant petition challenges a conviction entered by the Richmond County Superior Court on November 8, 2022, for which Petitioner was sentenced to twenty-four months of confinement. (Doc. no. 2, p. 1 (referencing case number 2020RCCR00604).) Publicly available court records reflect the referenced conviction, as well as a separate indictment filed in 2021, for which Petitioner has yet to be tried. See Augusta, Ga. Case Mgmt. Search, https://cocaugustaga.com/mainpage.aspx (click "Criminal Search," then search "Allen, John Henry," and click to expand docket for case numbers 2020RCCR00604 and 2021RCCR01630) (last visited Oct. 10, 2024). Accordingly, it is unclear whether Petitioner

is currently incarcerated pursuant to his 2022 conviction or is presently detained awaiting trial on the 2021 charges. Because it is unclear whether Petitioner is challenging the conviction and sentence for which he is currently incarcerated, the Court is unable to identify the proper Respondent at this time and defers a ruling on Petitioner's motion to substitute. (Doc. no. 7); see Nelson v. Wrens Police Dep't, No. CV 111-085, 2011 WL 3204896, at *1 (S.D. Ga. June 29, 2011), *adopted sub nom. by* Nelson v. Hutchins, 2011 WL 3204547 (S.D. Ga. July 27, 2011) (explaining "the state officer having custody of the petitioner is the appropriate respondent when a petitioner is seeking relief from a sentence for which he is currently incarcerated" while "the state Attorney General is an appropriate party respondent when the petitioner is attacking a sentence . . . for which the petitioner is not incarcerated").

As it is unclear whether Petitioner is in custody pursuant to the challenged conviction, and thus the proper Respondent cannot be identified at this time, the Court **DIRECTS** the Attorney General of the State of Georgia to inform the Court within fourteen days of Petitioner's current custodial status and identify the proper Respondent. The Court **DIRECTS** the **CLERK** to serve a copy of this Order via United States Mail and email on Beth Burton at the Georgia Attorney General's Office. The Court further **ORDERS** the **CLERK** to serve this Order upon Petitioner. Once the Court has current information on Petitioner's custodial status, a determination on proper service of the petition will be made.

SO ORDERED this 15th day of October, 2024, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

2