IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JOHN HENRY ALLEN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 124-134 |
| | ) |
| SHERIFF RICHARD ROUNDTREE, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, an inmate at Charles B. Webster Detention Center in Augusta, Georgia, brings the above-styled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 18, 2024, the Court directed Petitioner and Respondent to submit their respective briefs of law within sixty days. Presently before the Court is a motion filed by Petitioner, in which he requests an extension of time and pages to file his brief, requests modifications of the technical requirements for his brief, and, in the alternative, moves for appointment of counsel. (Doc. no. 13.) Upon consideration, Petitioner's motion is **GRANTED IN PART** and **DENIED IN PART**. (Id.)

As to the first request in Petitioner's motion, he seeks a sixty-day extension of time to file his brief of law in support of his § 2254 petition. (Id.) The Court is not unmindful of the burden that being incarcerated can place upon a *pro se* litigant in the prosecution of his case, but it is not willing to allow this case to languish on its docket. Therefore, the Court **GRANTS IN PART** Petitioner's request for an extension of time to respond. (Doc. no. 13-1.) Petitioner

and Respondent shall have through and including Tuesday, February 18, 2025, to submit to the Court their respective briefs of law.

Petitioner also seeks permission for leave to request an extension of the twenty-six pages allowed by Local Rule 7.1(a) for his brief of law. (Doc. no. 13.) Petitioner provides no support for his request to demonstrate why he is unable to support his habeas corpus petition, which raises only five grounds for relief, within twenty-six pages of briefing. (Id.; see also doc. nos. 2, 5.) Upon consideration, the Court **DENIES** Petitioner's request to exceed the page limit. (Doc. no. 13-2.) Petitioner's brief shall not exceed twenty-six pages.

Petitioner also requests exemption from the requirements, described in the Court's November 18th Order, that his brief be on "typewritten pages, double-spaced on letter-sized paper," as he does not have access to a computer or standard printer paper to type his brief. Upon consideration, the Court **GRANTS** Petitioner's request to hand-write his brief and permits him to submit his brief on the standard "looseleaf" paper issued to inmates at Charles B. Webster Detention Center. (Doc. no. 13-2.)

At the end of Petitioner's motion, he requests the appointment of counsel in the event the Court does not provide him extensions of time to file and pages for his brief. (Doc. no. 13, p. 3.) There is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require.

Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979).[1]  Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*).  In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel.  Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel.  See McCall, 495 F. App'x at 31.  Petitioner has had no problem communicating with the Court, as evidenced by his petition, motions, and timely responses to Court orders.  (See, e.g., doc. nos. 2-3, 5-7, 11, 13.)  Accordingly, the motion for appointment of counsel is **DENIED**.  (Doc. no. 13-3.)

SO ORDERED this 19th day of December, 2024, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.