IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JOHN HENRY ALLEN, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO. |
| | * | 1:24-CV-00134 |
| v. | * | |
| | * | |
| | * | HABEAS CORPUS |
| EUGENE BRANTLEY, | * | 28 U.S.C. § 2254 |
| | * | |
| Respondent. | * | |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS**

Respondent, Sheriff Eugene Brantley, through counsel, submits this supplemental brief in support of motion to dismiss (Doc. 27), as follows.

I. PROCEDURAL HISTORY

Through an accusation filed in the Superior Court of Richmond County, Petitioner was accused of the offenses of 1) improper registration, 2) no proof of insurance, 3) improper brake lights, and 4) possession of a firearm by a convicted felon. (Doc. 26-1, Accusation). Petitioner filed a motion to suppress which came on for hearing on September 19, 2022, which was denied. (Docs. 26-2, 26-4, 26-3, p. 122.). At a bifurcated jury trial on November 7th and 8th, 2022, Petitioner was found guilty of counts 1 and 2, the state dismissed count 3, and Petitioner was found not guilty of count 4. (Doc. 24-1, pp. 88, Doc. 26-5). Also, the charge of improper brake lights was *nolle prossed*. (Doc. 24-2, p. 1, n. 1). Petitioner was sentenced to twelve months in confinement on counts 1 and 2 to be served consecutively. (Doc. 26-5).

Petitioner's trial counsel moved to withdraw as counsel of record on September 22, 2020 because Petitioner wished to represent himself, and the trial court granted the motion on September 28, 2020 after conducting a *Farretta*[1] hearing on September 15, 2020. (R-11, R-12, R-13).

Petitioner appealed his conviction, pro se, but failed to ask that his transcripts be sent to the Georgia Court of Appeals. (R-14, Doc. 24-2, p. 2, n. 2). On direct appeal, Petitioner enumerated as error 1) that the state failed to prove the essential elements of the crimes for which he was convicted, arguing that the state failed to prove he "knowingly" drove with improper registration, 2) the trial court erred in denying Petitioner's pro se motion to suppress the firearm found in a bag in his vehicle, 3) the trial court was highly prejudicial and biased against him, robbing Petitioner of a fair and impartial trial, and 4) the sentence imposed was excessive. (Doc. 24-4). Appellee filed its brief on August 21, 2023, noting the absence of the trial transcript in the record on appeal. (Doc. 24-3, pp. 3-6). The Georgia Court of Appeals affirmed Petitioner's conviction on December 29, 2023. (Doc. 24-2).

Petitioner admits that he did not file a state petition for writ of habeas corpus. (Doc. 2, p. 6).

Petitioner filed this petition under 28 U.S.C. § 2254 on August 19, 2024 challenging his Richmond County conviction. (Docs. 2, 5). He raises five[2] grounds for relief: 1) that the stop, search and seizure was illegal, 2) the state did not prove the essential element of the charge of knowingly operating a vehicle with no insurance or registration, 3) the sentence imposed was

---

[1] *Faretta v. California*, 422 U.S. 806, 833(III)(C), 836(V), 95 S.Ct. 2525, 45 LE.2d 562 (1975) ([t]he trial court must apprise the defendant of the dangers and disadvantages inherent in representing himself so that the record will establish that he knows what he is doing and his choice is made with eyes open.").

[2] Respondent incorporates by reference its motion to dismiss addressing Ground 1 of the petition (the stop and search and seizure was illegal) and supporting brief. (Docs. 2, p. 5, 27).

excessive, 4) the trial court was biased towards Petitioner for exercising his right to [self] representation and therefore deprived Petitioner of a fair trial, and 5) appellate counsel was ineffective for failing to make an appearance until after the time had expired to file a brief in the Georgia Court of Appeals. (Doc. 5).

As indicated, Respondent has moved to dismiss ground one of the petition. (Doc. 27). Pursuant to the Order entered on August 8, 2025 (Doc. 31), Respondent now files this supplemental brief addressing grounds two through five of the Petition. In an abundance of caution, the Court has directed the Clerk to update Petitioner's address, as shown below, even though Petitioner did not file a notice of change of address. (*Id.*, p. 2).

## II. STATEMENT OF FACTS

Respondent incorporates by reference the facts as set out by the Georgia Court of Appeals in Petitioner's direct appeal and in Respondent's motion to dismiss. (Doc. 24-2, *Allen v. State*, A23A1750, December 29, 2023, Doc. 27).

Petitioner filed his notice of appeal, pro se, on December 5, 2022. (R-14) and his case was docketed in the Georgia Court of Appeals on July 11, 2023. (R-15). Petitioner then filed, pro se, a motion for extension of the deadline to file his appellate brief on July 26, 2023. (R-16). In the motion, Petitioner argued that he was unable to afford or obtain an attorney to litigate the appeal and that the record on appeal was incomplete because the trial court clerk failed to include the trial transcript, obstructing Petitioner's efforts. (*Id.*, p. 2,). The Georgia Court of Appeals granted the motion and extended the deadline for Petitioner to file enumeration of errors and brief until August 21, 2023. (R-17). On August 7, 2023, Petitioner, pro se, filed a motion for appointment of counsel for his appeal in the trial court. (R-18). Petitioner, pro se, filed appellant's enumeration of errors and brief on August 11, 2023, and Appellee filed its brief on August 21, 2023. (Docs. 24-4, 24-3).

Counsel filed a Notice of Appearance in the Georgia Court of Appeals on September 5, 2023 and filed a motion to remand on November 21, 2023. (R-19, R-20). Among other things, counsel indicated in the motion that she was not appointed until August 14, 2023, that the record was "sent up" without the complete transcript of the trial held November 7th and 8th, 2023, and that the denial of a trial transcript prevents counsel and the Court from ruling on the full record. (*Id.*, pp. 1-2). More particularly, though conceding that the trial court order denying Petitioner's motion to suppress included factual findings, counsel argued that the motion was improperly decided. (*Id.*, p. 3).

In denying the motion to remand, the Georgia Court of Appeals noted, among other things, that the record contains a February 2023 letter Petitioner wrote, apparently to the trial court, in which he refused to consent to the transmission of his appeal unless a transcript is included. (Doc. 24-2, p. 2, n. 2). In addition, the Court noted that in the February letter, Petitioner avers that he sent an earlier letter to the court administrator asking that his transcripts be filed but that the earlier letter does not appear in the appellate record. (*Id.*). In addition, the Court noted that in the motion to remand that counsel referred to a letter from Petitioner to the clerk, filed March 1, 2023, demanding that the file not be sent up without a transcript. (Doc. 24-2, p. 2, n. 2, R-20, p. 4) (Doc. 24-2, p. 2, n. 2).

The Georgia Court of Appeals denied Petitioner's motion to remand, affirmed Petitioner's conviction, and issued a remittitur on December 29, 2023. (Docs. 24-2, 26-6). In denying remand and affirming Petitioner's conviction, the Court of Appeals found that Petitioner's notice of appeal did not ask that his transcripts be sent to the court under O.C.G.A § 5-6-37 and that nothing in the record indicated that Petitioner paid for any transcripts or that he ever sought a trial court

determination regarding his indigency such that he would be entitled to transcripts at the county's expense under O.C.G.A §§'s 5-6-41 or 5-6-42. (Doc. 24-2, p. 2, n. 2).

The court reporter certified the trial transcript on March 5, 2024. (Doc. 24-1, p. 152).

### III. ARGUMENT AND CITATION OF AUTHORITY

THE STATE TRIAL COURT'S AND THE STATE APPELLATE COURT'S MERIT DECISIONS ON 1) THE SUFFICIENCY OF THE PROOF OF THE ESSENTIAL ELEMENT OF KNOWINGLY OPERATING A MOTOR VEHICLE WITH NO INSURANCE OR REGISTRATION, 2) THE ALLEGED EXCESSIVE SENTENCE IMPOSED, AND 3) THE ALLEGED TRIAL COURT BIAS CLAIMS WARRANT DEFERENCE. (Grounds Two, Three, and Four).

Through Grounds Two, Three, and Four, Petitioner raises claims which the state trial court and appellate court found were without merit. Respondent submits the state trial court and appellate court merit rulings on this issue warrant deference under 28 U.S.C. § 2254(d) and this Court should deny relief on this ground.

Specifically, Petitioner alleges in Ground Two that the state did not prove the essential element of the charge of knowingly operating a vehicle with no insurance or registration. (Doc. 5, p. 1). In Ground Three, Petitioner alleges that the sentence imposed was excessive because maximum sentences were imposed on both counts. (*Id*., p. 2). In Ground Four, Petitioner alleges that the trial court was biased towards him for exercising his right to self [sic] representation and therefore deprived Petitioner of a fair trial. (*Id*., p. 4).

Concerning Ground 1, the state trial court entered an order denying Petitioner's motion to suppress evidence, noting that Petitioner "elected not to testify and offered no evidence in support of his motion," and rendered the following factual findings:

> On April 15, 2020, members of the Richmond Sheriff's Office Drug Squad, sometimes referred to as the crime suppression team, were in the vicinity of East Boundary and Greene Street. A Chevrolet S-10 Pickup was observed to have made a U-Turn in a location where that was not permitted. It was also noted that the vehicle had a defective brake light, also a cause for the traffic stop. It was

determined by officers that the vehicle lacked both required registration and motor vehicle insurance. Since the vehicle was unregistered and uninsured, it could not be driven and would be towed. That being the case, it was inventoried. Contemporaneous with that, the canine unit conducted a walk around of the vehicle at which time the canine alerted. Investigator McDonald approached the vehicle from the passenger side and located a .38 caliber pistol in a backpack on the passenger seat situated within reach of where the Defendant had been sitting in the driver's seat. He was the sole occupant of the vehicle. The Defendant's record was checked, and it was determined he had at least one prior felony conviction. Therefore, he was not entitled to possess a firearm. The charge of possession of a firearm by a convicted felon was added to the list of traffic offenses indicated in State's Exhibit 1. (Doc. 26-4, pp. 2-4).

Concerning Petitioner's Grounds Two, Three, and Four, the Georgia Court of Appeals noted as a preliminary matter that the appellate record was minimal, and that Petitioner's notice of appeal did not request that either the transcript of his jury trial or the transcript of the hearing on his motion to suppress be sent with the record on appeal, and denied Petitioner's motion to remand for inclusion of the transcripts filed by a "very recently appointed attorney." (Doc. 24-2, p. 2, n. 2). The Court held accordingly that, "there being no transcript of the trial," it was bound to assume that Petitioner's convictions were supported by sufficient evidence, "the trial court properly performed its duties, as required," and that, "finding no error," Petitioner had not shown that his sentence was excessive or a sentence that the law does not allow, generally referring to *Oneill v. State*, 352 Ga. App. 103, 104, 834 S.E.2d 111 (2019) (finding that a sentence "is not legally authorized [] typically because it exceeds the most severe punishment for which the applicable penal statute provides)." (Doc. 24-2, pp. 2-6).

Under 28 U.S.C. § 2254, a federal court may issue a writ of habeas corpus on behalf of a person being held in custody pursuant to the judgment of a state court if that person is held in violation of his rights under federal law. 28 U.S.C. § 2254(a). As shown by the specific statutory language below, if a state court has adjudicated a claim on the merits, a federal court may grant habeas relief only if the decision of the state court (1) "was contrary to, or involved an unreasonable

application of, clearly established [f]ederal law, as determined by the Supreme Court" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(1), (2).

Respondent submits the state court's merits decisions concerning Grounds Two, Three, and Four warrant deference under 28 U.S.C. § 2254(d), which was enacted in 1996 as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Butts v. GDCP Warden*, 850 F.3d 1201, 1212 (11th Cir. 2017) (quotation marks omitted). This is a "substantially higher threshold" than a determination that the state court's decision was incorrect, and, as such, relief is not warranted if the federal court concludes that the state court's application of federal law was merely erroneous. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's factual findings are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). "[A] decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *Miller-El v. Cockrell*, 537 U.S. 322, 324 (2003). When the relevant state court decision is not accompanied by a reasoned

opinion explaining why relief was denied, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018).

"If this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This standard "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," retains the authority of federal courts to issue the writ "in cases where there is no possibility fair-minded jurists could disagree that the state court's decision conflicts with this Court's precedents," and preserves the view that habeas corpus "is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*. at 102- 103 (cits. omitted).

The phrase "clearly established Federal law, as determined by the Supreme Court of the United States" "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

> With one caveat, whatever would qualify as an old rule under our *Teague*[3] jurisprudence will constitute "clearly established Federal law, as determined by the Supreme Court of the United States under § 2254(d)(1). [Cit.] The one caveat, as the statutory language makes clear, is that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.

*Williams*, 529 U.S. at 412. "A federal court of appeals decision, even one with a holding directly on point, does not clearly establish federal law for § 2254(d)(1) purposes." *Allen v. Sec'y, Dep't of Corr.*, 611 F.3d 740, 764 (11th Cir. 2010). "Where, as here, the state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable."

---

[3] *Teague v. Lane*, 489 U.S. 288 (1989).

*Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The standard "objectively unreasonable" is "a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Here, the deference standard set out in § 2254(d) applies to the undisputed factual findings within the state trial court's Order Denying Petitioner's motion to suppress, and to the Georgia Court of Appeals decision affirming Petitioner's conviction which held that Petitioner's enumerated arguments lacked merit. These decisions were considered fully and fairly. In addition, the facts presented during the hearing on the motion to suppress were undisputed, and there is nothing to be served by ordering a new evidentiary hearing. Accordingly, this court need not and cannot reach the merits of Petitioner's claims concerning 1) the sufficiency of the evidence, 2) the alleged excessive sentence imposed, and 3) alleged trial court bias, (Grounds 2, 3, and 4) which are barred from collateral review by the federal courts if fully and fairly litigated in the state courts. See *Tukes v. Dugger*, 911 F.2d 508 (11th Cir. 1990), citing *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976); see also *Agee v. White*, 809 F.2d 1487 (11th Cir. 1987); *Morgan v. Estelle*, 588 F.2d 934 (5th Cir. 1979) (quoting *O'Berry v. Wainwright*, 546 F.2d at 1213) (emphasis omitted).

Petitioner's Grounds Two, Three, and Four have already received full and fair consideration in the state trial and appellate courts. Therefore, Respondent urges this Court to give deference to the state trial and appellate court's merits decision and deny relief of Grounds Two, Three, and Four for these reasons.

PETITIONER'S CLAIM THAT APPELLATE COUNSEL WAS INEFFECTIVE BECAUSE COUNSEL DID NOT MAKE AN APPEARANCE UNTIL AFTER THE DEADLINE TO FILE PETITIONER'S APPELLATE BRIEF IS UNEXHAUSTED, PROCEDURALLY DEFAUILTED, AND SHOULD BE DISMISSED. (Ground Five).

Lastly, in Ground Five of the Petition, Petitioner alleges that appellate counsel was ineffective because counsel was appointed "on or about August 14, 2023" and "did not make an appearance until after the time had expired to file a brief in the Georgia Court of Appeals." (Doc. 5. p. 6). To reiterate, Petitioner admits that he has not exhausted his state court remedies concerning this ground. (Doc. 2, p. 6).

Respondent submits that this petition is a "mixed petition" within the meaning of *Rose v. Lundy*, 455 U.S. 509 (1982), and should be dismissed for lack of exhaustion. While Petitioner raised the allegations in grounds 1, 2, 3, and 4 on appeal, Petitioner's allegations in Ground 5 has not been raised in state courts. Respondent has asserted that this new ground is unexhausted and procedurally defaulted, but any claims of "cause" in the form of appellate counsel ineffectiveness assistance to overcome the default are themselves unexhausted. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 453, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000) (noting that "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim," and holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"). *See White v. Kelso*, 261 Ga. 32, 401 S.E.2d 733, 734, 401 S.E.2d 733, 734 (Ga. 1991) ("Because an attorney cannot reasonably be expected to assert or argue his or her own ineffectiveness, claims of ineffective assistance of counsel are often properly raised for the first time in a habeas corpus petition."

28 U.S.C. § 2254 was enacted by Congress in 1948 to codify the exhaustion doctrine. *Rose v. Lundy*, 455 U.S. 509, 516 (1982). The exhaustion doctrine was most recently amended in 1996. *Medberry v. Crosby*, 351 F.3d 1049, 1058 (2003).

28 U.S.C. § 2254 as amended in 1996 provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3)      A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)      An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). State courts, like federal courts, are obliged to enforce federal law. One by-product of a rigorously enforced exhaustion rule is that claims

presented to a federal court will often be accompanied by a complete factual record which will aid the court in its review. *Rose*, 455 U.S. at 519. Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Id*.

The exhaustion requirement of 28 U.S.C. § 2254(b) and (c) ordinarily requires that grounds for relief be "fairly presented" to the state courts to give the state a chance to rule on the issue. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). *Duncan v. Henry*, 513 U.S. 364 (1995). Subsection (c) of § 2254 provides that a petitioner has not exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented. *See Mauk v. Lanier*, 484 F.3d 1352, 1357 (11th Cir. 2007).

A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts. *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. *See Lucas v. Sec'y, Dep't of Corr.*, 682 F.3d 1342, 1353-54 (11th Cir. 2023); see also *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992). Ultimately, 'to exhaust state remedies fully[], the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" *Preston v. "Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

As set out above, Petitioner's claims in Grounds 2, 3, and 4 that the state did not prove an essential element of the charge, the sentence was excessive, and the trial court was biased, were

raised and decided adversely to Petitioner on direct appeal. (Doc. 24-2). Thus, grounds 2, 3, and 4 are exhausted, as the exhaustion doctrine does not require a petitioner to seek collateral review of issues previously adjudicated on the merits on direct appeal. *Walker v. Zant*, 697 F.2d 1087 (11th Cir. 1982).

However, the remaining claim, ground 5, was not raised at the trial court level and on direct appeal and is procedurally defaulted under O.C.G.A. § 9-14-48(d). *See*, e.g., *Todd v. Turpin*, 268 Ga. 820, 493 S.E.2d 900 (1997): *White v. Kelso,* 261 Ga. 32, 33, 401 S.E.2d 733 (1991): *Black v. Hardin*, 255 Ga. 239, 336 S.E.2d 754 (1985). The Court may find the requisite exhaustion to arise by virtue of this ground being procedurally defaulted.

However, any claims of "cause" in the form of ineffective assistance of appellate counsel are themselves unexhausted, as the Supreme Court has made clear that such claims must first be presented to the state courts to exhaust them, whether they are raised as separate claims of ineffective assistance of counsel or simply as "cause." S*ee Robertson v. Sec'y, Dep't of Corr.*, 2019 U.S. App. LEXIS 14461, at *7 (11th Cir. 2019 ("An ineffective assistance of counsel claim, if both exhausted and not procedurally defaulted, may constitute cause.").

Therefore, Ground 5 of this petition should also be dismissed for lack of exhaustion.

<u>CONCLUSION</u>

WHEREFORE, Respondent prays that this Court dismiss the petition and all grounds for habeas corpus relief.

This 25th day of August, 2025.

Respectfully submitted,

_/s/ Daniel W. Hamilton_     320855
Daniel W. Hamilton
Co-counsel for Respondent

_/s/ Davis A. Dunaway_     232902
Davis A. Dunaway
Co-Counsel for Respondent

Please serve:
Daniel W. Hamilton
429 Walker Street, Upper Level
Augusta, Georgia 30901
dhamilton@phmglaw.com
Telephone: (706) 722-6200
Co-counsel for Respondent

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing notice of filing supplemental exhibit, prior to filing the same, by depositing a copy thereof, postage prepaid, in the United States Mail, properly addressed upon:

John Henry Allen, Jr.
GDC# 1003723306
Wilcox State Prison
P.O. Box 397
Abbeville, Georgia 31001
Pro Se Petitioner

Davis A. Dunaway
Hull Barrett, P.C.
Post Office Box 1564
Augusta, Georgia 30901
Co-Counsel for Respondent

This 25th day of August, 2025.

*/s/ Daniel W. Hamilton*
Daniel W. Hamilton
Co-Counsel for Respondent